[Cite as *State v. Rodeffer*, 2013-Ohio-5759.]


# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY


STATE OF OHIO

     Plaintiff-Appellee

v.

CORY B. RODEFFER

     Defendant-Appellant

Appellate Case Nos. 25574/25575/25576

Trial Court Case Nos.    2012-CR-2979
                         2012-CR-1283
                         2012-CR-2887

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 27th day of December, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 120 West Second Street, 1502 Liberty Tower, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Cory B. Rodeffer, appeals from his prison sentence of seven years for one count of second-degree felony Robbery (physical harm), and three counts of third-degree felony Robbery (use of force), in  Montgomery County Common Pleas Court Case Nos. 2012-CR-1283, 2012-CR-2887, and 2012-CR-2979.   Rodeffer contends that the trial court erred in failing to hold a competency hearing to determine whether he was psychologically amenable to sentencing.   He also contends that the trial court erred in failing to place him in a rehabilitation/mental health facility on community control sanctions as opposed to prison.

{¶ 2}    We conclude that the trial court did not err in failing to hold a competency hearing prior to sentencing Rodeffer.   A competency hearing was unwarranted because the record does not contain sufficient indicia of incompetence.   The trial court also did not err in sentencing Rodeffer to prison as opposed to community control sanctions.   In applying the felony sentencing standard of review set forth in R.C. 2953.08(G)(2), we do not clearly and convincingly find an absence of evidence on the record supporting the trial court's findings under R.C. 2929.13(D).    Furthermore,   Rodeffer's seven-year prison term is not clearly and convincingly contrary to law.   Accordingly, the judgment of the trial court will be affirmed.

## I.  Facts and Course of Proceedings

{¶ 3}    Cory B. Rodeffer, committed two robbery sprees over a six-month period in Montgomery County, Ohio.   The various robberies were prosecuted in three separate cases - Montgomery County Common Pleas Court Case Nos. 2012-CR-1283, 2012-CR-2887, and 2012-CR-2979.

{¶ 4}    In Case No. 2012-CR-1283, Rodeffer robbed three gas station convenience stores

on April 29 and 30, 2012. During each robbery, Rodeffer entered a convenience store, grabbed a small item, and approached the cashier as if he were going to buy the item. When the cashier opened the cash register to make the sale, Rodeffer jumped over the counter, grabbed money out of the cash register, and fled the scene. After committing the robberies, Rodeffer attempted to flee the police in a car chase, but he was caught and arrested shortly thereafter. During police questioning, Rodeffer admitted that he had committed the robberies and that he was addicted to crack, cocaine, and heroin. At his presentence investigation interview, Rodeffer also revealed that he had committed the robberies so that he could get money to purchase drugs and get high.

{¶ 5} On May 30, 2012, Rodeffer was indicted on one count of Robbery (use of force), a felony of the third degree; two counts of Robbery (physical harm), a felony of the second degree; one count of Petty Theft, a misdemeanor of the first degree; and one count of Failure to Comply, a felony of the third degree. As part of a negotiated plea agreement, Rodeffer pled guilty to one count of second-degree felony Robbery and one count of third-degree felony Robbery. The remaining counts against him were dismissed. On September 20, 2012, the trial court sentenced Rodeffer to community control sanctions not to exceed five years, and ordered him to complete treatment for his drug abuse through the MonDay Program. After sentencing, Rodeffer was released from prison on electronic home detention pending the availability of a bed at the MonDay Program.

{¶ 6} The day after he was sentenced and released, Rodeffer robbed two more gas station convenience stores in the exact same manner as he had before. He was arrested approximately one month later. During his presentence investigation interview, Rodeffer advised that he "lost it" when he found out that he was sanctioned to the MonDay Program. He claims that he was concerned about losing his job and not seeing his daughter. As a result, he

went into a state of depression, and began abusing drugs again. After he ran out of money for drugs, he recalled how easy it was to get money from gas stations; so he decided to commit the additional robberies.

{¶ 7} The additional robberies were prosecuted under Case Nos. 2012-CR-2887 and 2012-CR-2979. In each of these cases, Rodeffer pled guilty to one count of Robbery (use of force), a third degree felony. During the plea hearing, the defense requested a psychological report on Rodeffer. The defense explained that it was not requesting a full competency hearing and was not claiming that Rodeffer lacked competence. Instead, the defense believed that a psychological report would assist in treating Rodeffer's mental health issues if he were sentenced to prison. In response, the trial court noted that it would request information on Rodeffer's psychological status for purposes of the presentence investigation report (PSI).

{¶ 8} The resulting PSI stated that Rodeffer used drugs to self medicate so that he does not have to think about past physical, sexual, and emotional abuse he endured as a child by his father. However, the PSI indicated that Rodeffer had never been diagnosed with a mental health disability, and that he was not under a doctor's care. The PSI also stated that Rodeffer had not reported any past or present suicidal or homicidal ideations or attempts.

{¶ 9} During the sentencing hearing for the additional robberies, the defense changed its stance on Rodeffer's competency. Defense counsel informed the court that he believed Rodeffer was suicidal, and that he questioned Rodeffer's competency to be sentenced due to a steady decline in his mental health since the plea hearing. As a result, the defense made an oral motion for a psychological evaluation in order to determine Rodeffer's competency prior to sentencing.

{¶ 10} The trial court did not rule on the oral motion and did not order a psychological

evaluation on Rodeffer. Instead, the court proceeded with sentencing Rodeffer to 36 months in prison for each Robbery count in Case Nos. 2012-CR-2887 and 2012-CR-2979. Since the additional robberies violated Rodeffer's probation in Case No. 2012-CR-1283, the trial court also revoked his community control sanctions, and re-sentenced him to seven years in prison for the second-degree felony Robbery and 36 months in prison for the third-degree felony Robbery. The trial court ordered all of the 36-month terms to run concurrently with the seven-year term. As a result, Rodeffer was sentenced to a total of seven years in prison for all three robbery cases.

{¶ 11}   Rodeffer appeals from the trial court's sentence.

## II.   The Trial Court Did Not Err in Failing to Conduct a Competency Hearing and in Sentencing Appellant to Prison

{¶ 12}   Rodeffer's sole assignment of error is as follows:

Whether the Trial Court Erred in Failing to Conduct a Hearing on the Ammenability [sic] of Defendant's Mental Condition to Endure a Prison Sentence in Lieu of Suitable Community Control Conditions and Thereby Precluded Defendant's Constitutional Rights to Due Process Under the *Fifth* and *Fourteenth Amendments* of the *United States Constitution* and *Article I, Section 10,* of the *Ohio State Constitution*.

{¶ 13}   Under this assignment of error, Rodeffer contends that the trial court erred in: (1) failing to hold a competency hearing; and (2) failing to place him in a rehabilitation/mental health facility on community control sanctions as opposed to sentencing him to prison.

### 1.   Competency Hearing

{¶ 14} Rodeffer claims that his mental condition warranted a competency hearing to determine whether he was psychologically amenable to sentencing. He contends that in failing to hold a competency hearing, the court failed to accord him his constitutional rights to due process and a fair trial.

{¶ 15} "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), citing *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Accordingly, "[t]he right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), citing *Drope* at 175. (Other citations omitted.)

{¶ 16} According to Ohio law, a defendant is deemed incompetent to stand trial only if "after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense * * *." R.C. 2945.37(G).

{¶ 17} If the issue of competence "is raised before the trial has commenced, the court shall hold a hearing on the issue * * *. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." R.C. 2945.37(B). When the issue of competence is raised after a defendant pleads guilty, but before sentencing, the issue is deemed to have been raised after the commencement of trial. *State v. Burns*, 12th Dist. Butler Nos. CA2004-07-084, CA2004-10-126, 2005-Ohio-5290, ¶ 37,

citing *Berry* at 360. In that situation, R.C. 2945.37(B) mandates a competency hearing "only for good cause shown." *Id.*

{¶ 18} The decision whether to hold a competency hearing once trial has commenced is within "the sound discretion of the trial court." *Berry*, 72 Ohio St.3d at 360, 650 N.E.2d 433, citing *State v. Rahman*, 23 Ohio St.3d 146, 156, 492 N.E.2d 401 (1986). Therefore, the proper standard of review is whether the trial court abused its discretion in failing to hold a competency hearing. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} In this case, Rodeffer raised the issue of competence after pleading guilty, but before sentencing; therefore, R.C. 2945.37(B) mandates a competency hearing only if good cause is shown. Rodeffer claims a competency hearing was necessary given his history of mental and physical abuse as a child; his addiction to crack, cocaine, and heroin; his minimal schooling; and defense counsel's observations of his mental decline since pleading guilty. Defense counsel also feared that Rodeffer was suicidal.

{¶ 20} In *State v. Bock*, 28 Ohio St.3d 108, 502 N.E.2d 1016 (1986), the Supreme Court of Ohio held that a defendant who had been hospitalized for drug-related problems, suffered from emotional distress, and commented about suicide, did not meet the definition of incompetence in R.C. 2945.37. *Id.* at 110. The court noted that "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *Id.* Additionally, the court stated that "the record reveal[ed] no adequate indication of any behavior on the part of the defendant which might indicate incompetency." *Id.* at 111. Without sufficient indicia of incompetence, the trial court's failure to hold a hearing did not

interfere with the defendant's right to a fair trial. *Id*.

{¶ 21} In following *Bock*, we find that Rodeffer has not shown good cause for a competency hearing. Rodeffer exhibited an understanding of the nature and objective of the proceedings against him. He also exhibited a sufficient ability to consult with his attorney and to assist with his defense. The PSI stated that Rodeffer had not been diagnosed with any mental disability, and that he had reported no past or present suicidal or homicidal attempts or ideations. Rodeffer told the court himself that he had no mental condition which would make it difficult for him to understand his legal rights. Plea Hearing Trans. (Nov. 29, 2012) p. 7-8. Per *Bock*, the fact that Rodeffer abused drugs, had been emotionally distressed from his past abuse, and was possibly suicidal does not amount to incompetence under R.C. 2945.37. Accordingly, the record does not contain "sufficient indicia of incompetence" warranting a competency hearing.

{¶ 22} Having found no indication of incompetence in the record, it was not an abuse of discretion for the trial court to deny Rodeffer a competency hearing prior to sentencing.

2. Community Control Sanctions

{¶ 23} Rodeffer contends that the trial court erred in sentencing him to seven years in prison as opposed to placing him in a rehabilitation/mental health facility on community control sanctions. He claims that he should have received a more lenient sentence, because he is a first-time felony offender. Additionally, he claims that the trial court failed to perform a complete analysis of the relevant sentencing factors, and did not fairly and thoroughly meet the core purposes and principles of sentencing.

{¶ 24} We have consistently reviewed felony sentences under the two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See State v.*

*Holloway*, 2d Dist. Clark No. 2010-CA-63, 2013-Ohio-4400, ¶ 22; *State v. Robinson*, 2d Dist. Champaign No. 2012 CA 17, 2012-Ohio-4976, ¶ 17; *State v. Murphy*, 2d Dist. Clark No. 2010 CA 81, 2011-Ohio-5416, ¶ 14. The first step requires an appellate court to examine the sentencing court's compliance with all the applicable rules and statutes in imposing the sentence to determine whether the sentence was clearly and convincingly contrary to law. *Kalish* at ¶ 14-15. If the first step is satisfied, the appellate court is then required to review the sentencing court's decision to determine if it constituted an "abuse of discretion." *Id*. at ¶ 16-19.

{¶ 25} Recently, various appellate jurisdictions in Ohio have begun to review felony sentencing using the standard of review set forth in R.C. 2953.08(G)(2) as opposed to the two-part test in *Kalish*. *See State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶15; *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7 ("the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences"); *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.) ("we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences"); *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("from this day forward, rather than continue to apply the two-step approach as provided by *Kalish*, we find 'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences' ");*See also State v. Fletcher*, 3rd Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 14 (the court applied R.C. 2953.08 after *Kalish*); *State v. Worth*, 10th Dist. Franklin No. 10AP-1125, 2012-Ohio-666, ¶ 83 (the court applied the statutory test and noted that, as a plurality opinion, *Kalish* is of limited precedential value).

{¶ 26} In order to understand the departure from the two-part test in *Kalish*, we must first look back to the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1,

2006-Ohio-856, 845 N.E.2d 470.  In *Foster*, the Supreme Court declared that portions of Ohio's felony sentencing statutes were unconstitutional and excised them, because they required judges to make certain factual findings before imposing maximum, minimum, or consecutive sentences.  Former R.C. 2953.08(G), which provided the standard of review for felony sentencing, referred to some of the statutory provisions that *Foster* had deemed unconstitutional.  As a result, the Supreme Court in *Kalish* held that the standard of review in R.C. 2953.08(G)(2) was no longer applicable, "because it expressly related to 'findings' that had been abrogated as unconstitutional." *State v. Venes,* 2013-Ohio-1891, 992 N.E. 2d 453, ¶ 8 (8th Dist.).  To rectify the issue, a plurality of the court adopted the aforementioned two-part test for reviewing felony sentences.  *Kalish* at ¶ 14-19.

{¶ 27}  After *Kalish*, the United States Supreme Court held that it is constitutionally permissible for States to require judges to make findings of fact before imposing consecutive sentences.  *Oregon v. Ice*, 555 U.S. 160, 164, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009).  The Ohio Supreme Court subsequently held that its decision in *Foster* remained valid after *Ice*, and that the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences "unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus.  Thereafter, the Ohio General Assembly enacted 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), which removed the unconstitutional statutory provisions cited in R.C. 2953.08(G) and revived the judicial fact-finding requirement for consecutive sentences. In doing so, H.B. 86 reenacted the felony sentencing standard of review set forth in section (G)(2) of R.C. 2953.08.

{¶ 28}  Recently, in *State v. White,* 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.), the First

District Court of Appeals aptly stated:

> We presume the legislature knew what it was doing when it reenacted the R.C. 2953.08(G)(2) standard of review. And we cannot justify applying an abuse of discretion standard where the legislature has explicitly told us that the standard of review is not an abuse of discretion. Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences. *Id*. at ¶ 9.

{¶ 29} In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2).

{¶ 30} R.C. 2953.08(G)(2) states that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." The statute also explicitly states that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the appellate court may take any action authorized under R.C. 2953.08(G)(2) if the appellate court "clearly and convincingly" finds either of the following:

(a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)   That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b).

{¶ 31} It is important to note "that the clear and convincing standard used by R.C.

2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶ 21. "In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." *Id.*

**{¶ 32}** Furthermore, "[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. According to *Kalish,* a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12. *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4192, 896 N.E.2d 124, at ¶ 18.

**{¶ 33}** With these principles in mind, we first note that the record in the present case supports the trial court's decision not to place Rodeffer on community control sanctions. We do not clearly and convincingly find an absence of evidence on the record to support the trial court's findings. R.C. 2929.13(D)(1) provides a presumption in favor of a prison term for first and second degree felonies. However, section (D)(2) of the statute provides that community control sanctions may be ordered for first and second degree felonies if:

(a) A community control sanction * * * would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b)  A community control sanction * * * would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.   R.C. 2929.13(D)(2)(a)-(b).

{¶ 34}  In this case, Rodeffer was convicted of second and third-degree felony Robbery. In sentencing Rodeffer, the trial court considered that he committed two separate crime sprees that involved multiple victims and multiple businesses.   The court relied heavily on the fact that Rodeffer committed his second crime spree in less than 24 hours after being released on community control sanctions in Case No. 2012-CR-1283.   In addition, the court indicated that Rodeffer had an opportunity to go into substance abuse treatment and mental health counseling, but   instead chose to terrorize the community by going on a second crime spree.

{¶ 35}  The trial court's findings indicate that Rodeffer had a likelihood of recidivism and that he posed a danger to the community given that he had committed a spree of robberies shortly after being released on community control sanctions.   Furthermore, Rodeffer was not a first-time felony offender.   His first felony offense occurred as a result of the robberies in April 2012.   His second and third felony offenses resulted from the robberies in September 2012. Additionally, his conduct was more serious than conduct that normally constitutes Robbery, because he committed multiple robberies with multiple victims in less than 24 hours.   As a result, we do not clearly and convincingly find an absence of evidence on the record to support the trial court's findings under R.C. 2929.13(D).

{¶ 36} As a further matter, Rodeffer's seven-year prison sentence is not clearly and convincingly contrary to law. It is undisputed that his sentence was within the authorized statutory range.[1] The record also confirms that the trial court reviewed the PSI, victim impact statements, Rodeffer's allocution, and various correspondences from his family. The record also indicates the trial court gave proper consideration to the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 37} For all the foregoing reasons, Rodeffer's sole assignment of error is overruled.

### III. Conclusion

{¶ 38} Having overruled Rodeffer's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J., concurring in judgment:

{¶ 39} I agree with the majority that the trial court did not abuse its discretion in denying Cory Rodeffer a competency hearing prior to sentencing and with the majority's ultimate conclusion that the trial court's judgment should be affirmed. I write separately to express my disagreement with the majority's conclusion that R.C. 2953.08(G)(2) governs our review of the trial court's sentence.

{¶ 40} R.C. 2953.02 grants general authority to courts of appeals to review judgments in all criminal cases, except capital cases after January 1, 1995. It states: "In a capital case in

---

[1] The statutory sentencing range for a felony of the second degree is two to eight years in prison. R.C. 2929.14(A)(2). Rodeffer was sentenced to seven years for second-degree felony Robbery. The statutory sentencing range for a felony of the third degree of the nature committed by Rodeffer is nine to 36 months in prison. R.C. 2929.14(A)(3)(a). Rodeffer was sentenced to 36 months in prison for each third-degree felony Robbery, and each 36-month sentence was ordered to run concurrently with the seven year prison term.

which a sentence of death is imposed for an offense committed before January 1, 1995, and in any other criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals." R.C. 2953.02.

{¶ 41} R.C. 2953.08 addresses appeals from felony convictions under certain grounds. R.C. 2953.08(G)(2), which specifically removes the abuse of discretion standard of review, applies to an appellate court's review "under division (A), (B), or (C) of this section." R.C. 2953.08(A), (B), and (C) each begin with the phrase "In addition to any other right to appeal * * *." Thus, by its language, R.C. 2953.08 does not limit an appellate court's review only to the grounds stated in that statute.

{¶ 42} R.C. 2953.08(A) allows a defendant to appeal as of right where the appeal concerns (1) a sentence that includes the maximum prison term allowed for the offense, (2) sentences for certain fourth- or fifth-degree felonies and certain drug offenses, (3) certain violent sex offenses, (4) sentences that are allegedly "contrary to law", and (5) sentences involving repeat violent offenders. None of these is applicable to this appeal.

{¶ 43} R.C. 2953.08(B) involves appeals by the prosecution. This is an appeal by the defendant. R.C. 2953.08(B) is inapplicable.

{¶ 44} R.C. 2953.08(C) allows a defendant to seek leave to appeal on the basis that (1) the trial judge imposed consecutive sentences which exceed the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense of which the defendant was convicted, or (2) the trial judge imposed an additional sentence under R.C. 2929.14(B)(2)(a) or (b) and that additional sentence is for a definite term longer than five years. Neither of these provisions applies.

**{¶ 45}** Rodeffer is appealing the trial court's sentence of imprisonment, as opposed to community control. This is not an appeal under R.C. 2953.08(A), (B), or (C). Therefore, the limitations on the standard of review imposed by R.C. 2953.08(G)(2) do not apply. The analysis set forth by the supreme court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 (plurality) – is the sentence unlawful? and, if not, was it an abuse of discretion? – still applies to the assignment of error before us.

**{¶ 46}** The only arguable basis for applying R.C. 2953.08(G)(2) is that Rodeffer's appeal falls within R.C. 2953.08(A)(4), which addresses an appeal arguing that the sentence is contrary to law. The Supreme Court of Ohio has held that a sentence is "contrary to law" when (1) it is outside the permissible sentencing range, *see Kalish* at ¶ 15, (2) the sentence does not properly include a statutorily-mandated term, *e.g.*, *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14, and/or (3) the trial court fails to comply with mandatory sentencing provisions, *e.g.*, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 14.

**{¶ 47}** The decisions of other appellate districts do not hold that this definition of "contrary to law" is not the law of Ohio, only that the second step of the *Kalish* analysis – the abuse of discretion review – has been superseded by R.C. 2953.08(G)(2). Such issue is not before us. Rodeffer does not argue that the trial court imposed a sentence (i.e. prison as opposed to community control) that was unlawful. Indeed, the trial court had statutory authority to impose a prison sentence if it chose, *in its discretion*, to do so. Therefore, R.C. 2953.08(G)(2) is not applicable to this appeal.

**{¶ 48}** Other appellate districts may indeed be correct that an appeal of a consecutive sentence which argues that the trial court did not make the statutory findings required by R.C.

2929.14(C)(4) is governed by the "clearly and convincingly" standard in R.C. 2953.08(G)(2); whether this is true for an assignment that the trial court did make the findings required by law, but that those findings were not supported by the record and thus were an abuse of discretion (as opposed to being unlawful), is a question for another day. Regardless, until these issues are resolved by this court or the Ohio Supreme Court, I would urge counsel in future sentencing appeals to discuss which standard of review is appropriate.

{¶ 49} In summary, R.C. 2953.08(G)(2) applies only to "an appeal under division (A), (B), or (C)" of R.C. 2953.08 and Rodeffer's case is not such an appeal; he argues that the court abused its discretion in sentencing him to prison and our standard of review, by definition, let alone pursuant to *Kalish*, is abuse of discretion.

{¶ 50} In reviewing the record, there is no abuse of discretion in sentencing Rodeffer to prison rather than to community control sanctions. Therefore, I concur that the judgment of the trial court should be affirmed.

. . . . . . . . . . . . .

HALL, J., concurring:

{¶ 51} I agree with Judge Froelich's analysis that a strict reading of R.C. 2953.08(G)(2) means the "new" standard of review (i.e., clearly and convincingly (a) unsupported by the record or (b) contrary to law) applies only to the five categories of sentences in division (A), governmental appeals in division (B), and consecutive sentences in division (C). The problem I have with this strict interpretation is that in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, all seven jurists agreed that former R.C. 2953.08(G)(2) applied to *all* felony

sentencing.[2]

{¶ 52} Initially, it is imperative to note that Laura Ann Kalish had been convicted of aggravated vehicular homicide, a second-degree felony, and a *per se* OVI, a first-degree misdemeanor. She was sentenced to five years in prison on the F2 and a concurrent six months on the M1. Therefore, under a strict interpretation of R.C. 2953.08(G), the statute would not apply to Kalish's sentence, which did not involve any of the five division (A) categories, was not a governmental appeal under division (B), and did not involve a consecutive sentence under division (C). However, the lead opinion in *Kalish* states: "Prior to [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470] there was no doubt regarding the appropriate standard for reviewing felony sentences. Under the applicable statute, appellate courts were to 'review the record, including the findings underlying the sentence or modification given by the sentencing court. * * * The appellate court's standard for review [was] not whether the sentencing court abused its discretion.' R.C. 2953.08(G)(2)." *Kalish* at ¶ 9. Likewise the dissenting opinion states: "The standard of appellate review of felony sentences remains unchanged by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In reviewing any felony sentence, an appellate court must determine whether the record clearly and convincingly demonstrates that the sentence is contrary to law. R.C. 2953.08(G)(2)." *Id.* at ¶ 43 (Lanzinger, J., dissenting). The dissent continues by stating that "R.C. 2953.08 is comprehensive in setting forth guidance for appellate review of felonies," *Id.* at ¶ 51, and that "R.C. 2953.08(G)'s scope covers all the felony sentencing statutes." *Id.* at ¶ 55.

---

[2] Judge Willamowski of the Third Appellate District, sitting for Justice Cupp, in an opinion concurring in judgment, expressed the view that R.C. 2953.08(G)'s "clear and convincing" standard applied to consideration of the purposes and principles of sentencing under R.C. 2929.11 and the requirement to balance the seriousness and recidivism factors under R.C. 2929.12, but it did not apply to the the factors themselves in R.C. 2929.12 (B) through (D).

**{¶ 53}** I view *Kalish* as an expression by the Ohio Supreme Court that R.C. 2953.08, had it not been for the severance of the statute by *Foster*, was intended to apply to all felony sentencing. When the legislature reenacted R.C. 2953.08 after *Kalish*, it is therefore reasonable to conclude that the intent, and expectation, was that it would apply to all felony sentencing. In addition, I believe application of one standard of review to some felony sentences, and a different standard to others, could produce an unworkable and undesirable double standard.

**{¶ 54}** In light of the forgoing analysis, I concur in the determination that we should join the other districts applying the more-deferential standard of appellate review outlined in R.C. 2953.08(G) to all felony sentencing.

. . . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Andrew T. French
Richard A. Nystrom
Hon. Mary Lynn Wiseman