[Cite as *State v. Craft*, 2014-Ohio-952.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

ROBERT D. CRAFT

      Defendant-Appellant


Appellate Case No.    25849

Trial Court Case No.   2013-CR-201


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 266 Xenia Avenue, Suite 225, Yellow Springs, Ohio 45387
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     We are asked to decide whether the trial court committed prejudicial error when it accepted Appellant's plea and sentenced him.

{¶ 2}     Appellant, Robert D. Craft, and the State entered into a negotiated plea agreement on June 4, 2013.   They jointly recommended a sentence with an eight month prison cap and the possibility of community control sanctions. Tr. p.4. Craft then entered a plea of guilty to one count of vandalism, a felony of the fifth degree.   On July 16, 2013, the trial court sentenced Craft to a prison term of eight months.

FIRST ASSIGNMENT OF ERROR

{¶ 3}     Craft's first assignment of error states that:

THE TRIAL COURT ERRED BY ACCEPTING APPELLANT'S PLEA BECAUSE IT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶ 4} Craft alleges that the trial court failed to ensure that he was competent after it was aware Craft was taking medication. However, the trial court did ask Craft if his medication affected his ability to understand. Craft told the judge that it did not. Also, there is nothing in the conversation between Craft and the trial judge which would suggest that   Craft did not entirely understand the proceedings.

{¶ 5}     Secondly, Craft says that the vague and confusing questions posed by the court resulted in vague answers. However, the questions of the court and Craft's answers were straightforward. For example, Craft believes the question, "How far did you go in school?" is vague and invited Craft's allegedly vague response, "Fourteen years." Craft prefers the question "What grade did you complete?", to which he says he would have answered the level of school he completed.

Craft submits that his answer could be reasonably construed to mean he went to school until he was fourteen and the trial court should have asked for clarification.

{¶ 6}    Craft also believes the trial court erred when it asked him compound questions, such as:

THE COURT: "Were you able to read and understand the plea form that [your attorney] went over with you; do you have any questions about that document?"

CRAFT: "No."

{¶ 7}    Craft contends that each part of the compound question should have been asked separately, and he should have been given an opportunity to answer them separately. We find no error or prejudice in the manner of the court's inquiry. It was sufficient to ascertain the information required.

{¶ 8}    Also, at one point Craft answered that he had "not really" had sufficient time to speak with his attorney. The court then focused on the subject of Craft's counsel. The court asked Craft a series of narrowly refined questions regarding the various aspects of communications between Craft and his attorney. Craft's answers revealed that his attorney had adequately communicated and she fully informed and counseled him.

{¶ 9}    Ultimately, Craft expressed that he was satisfied with his counsel's representation, his plea was voluntarily made, and he wanted to enter the plea. The court did not err as alleged. We overrule this assignment of error.

## SECOND ASSIGNMENT OF ERROR

{¶ 10}    Craft's second assignment of error states that:

THE TRIAL COURT ERRED BY DENYING APPELLANT HIS RIGHT TO

ALLOCUTION.

**{¶ 11}** Craft asserts that the trial judge interrupted him during his allocution in violation of Crim.R. 32. However, the transcript reveals that the court invited Craft to speak by asking, "Mr. Craft, do you have anything to say?" During two apparent pauses in Craft's statements, the trial court began to speak but stopped when Craft resumed his statement. On both occasions, Craft continued his statements in support of mitigation. No violation of Craft's right to allocution is demonstrated on the record. We overrule this second assignment of error.


THIRD ASSIGNMENT OF ERROR

**{¶ 12}** Craft's third assignment of error states that:

THE TRIAL COURT ATTEMPTED TO CONCLUDE THE HEARING WITHOUT INFORMING APPELLANT OF HIS RIGHT TO APPEAL.

**{¶ 13}** When the trial court sentenced Craft to prison and remanded him into the custody of the Sheriff, the record indicates the following:

THE DEFENDANT:  What does that mean?

MS. GOSS:                It means they're going to take you into custody.

THE DEFENDANT:       So you're going to throw me in jail for smashing a windshield?

MS. GOSS:                CORRECT.

THE COURT:        No, I am sentencing you to prison, sir.

THE DEFENDANT:       That's what I mean.

THE COURT:              Yep.

THE DEFENDANT:  For smashing a windshield? This is really unfair; how do I – can I

appeal this or anything?

THE COURT:          Yes, you have a right to appeal within 30 days, if you cannot afford an attorney, one will be appointed for you, if you cannot afford a transcript, one will be provided for you.

**{¶ 14}** Craft was advised of his right to appeal at sentencing. Also, since Craft did appeal, any error on this issue would be harmless. *State v. Shoop*, 2d Dist. Greene No. 94 CA 68, 1995 WL 39285 (Feb. 1, 1995); *State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 8. We overrule the third assignment of error.

## FOURTH ASSIGNMENT OF ERROR

**{¶ 15}** Craft's fourth assignment of error states that:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO AN EIGHT MONTH PRISON TERM WITHOUT CONSIDERING THE STATUTORY MITIGATING FACTORS.

**{¶ 16}** Craft interprets the record as demonstrating that the trial court did not consider his mitigation letter. However, the record does not demonstrate that the court disregarded Craft's letter. Craft's attorney tendered the letter to the trial judge. Tr. p. 14. We must presume the trial court considered the letter after it was given to her.

**{¶ 17}** Craft contends that the record affirmatively shows that the trial court failed to consider the statutory mitigating factors and therefore abused its discretion. However, the trial court stated that it considered both R.C. 2929.11 and 2929.12. Also, the sentence was below the statutory cap and did not exceed the jointly recommended prison cap of eight months. Tr. p. 4.

{¶ 18} The parties argue that the two-step approach set forth in *State v. Kalish* applies. 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. However, after the briefs were filed, this court began to review felony sentencing using the standard of review set forth in R.C. 2953.08(G)(2). *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759. We stated:

> In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2).

R.C. 2953.08(G)(2) states that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." The statute also explicitly states that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the appellate court may take any action authorized under R.C. 2953.08(G)(2) if the appellate court "clearly and convincingly" finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b).

It is important to note "that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge

must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453, at ¶ 21. "In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." *Id.*

Furthermore, "[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law." *State v. A.H.,* 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, 2013 WL 3156521, ¶ 10. According to *Kalish,* a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12. *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 18.

{¶ 19} We do not clearly and convincingly find that the sentence is contrary to law as provided in *Rodeffer.* Even if we were to apply *Kalish*, we would find no abuse of discretion or error of law in the trial court's imposition of a prison sentence consistent with the jointly recommended sentence cap. We therefore overrule Craft's fourth assignment of error.

{¶ 20} We have overruled all assignments of error. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FAIN, J., concurring in the judgment:

{¶ 20} I write separately merely to indicate that I am somewhat disinclined to adopt the standard of review set forth in *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, for appeals from a sentence brought not under R.C. 2953.08, but under "any other right to appeal." R.C. 2953.08(A). In this regard, I find Judge Froelich's dissenting opinion in *Rodeffer* to be persuasive. In the case before us, as in *Rodeffer*, there are no findings by the trial court for us to find clearly and convincingly to be not supported by the record. And the sentence, being a sentence authorized by the criminal code, can hardly be clearly and convincingly contrary to law. Thus, R.C. 2953.08 would seem not to be applicable to this appeal.

{¶ 20} But I need not reach a definitive answer on this question, because, like my colleagues in the case before us, I would also find no abuse of discretion in the sentence imposed in this case. In all other respects, I agree with Judge Welbaum's opinion for the court in this case.

. . . . . . . . . . . . .


Copies mailed to:

Mathias H. Heck
April F. Campbell
Carl Bryan
Hon. Mary Katherine Huffman