[Cite as *State v. Thomas*, 2015-Ohio-3797.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-142 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CR-473 |
| v. | : | |
| | : | (Criminal Appeal from |
| MICHAEL THOMAS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of September, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 40 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JOSHUA M. KIN, Atty. Reg. No. 0086965, 2700 Kettering Tower, Dayton, Ohio 45423
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Michael Thomas appeals from his convictions and sentences, following guilty pleas, for Having a Weapon While Under a Disability, in

violation of R.C. 2923.13(A)(1), and Failure to Comply, in violation of R.C. 2921.331(C)(5). His appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find any potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Thomas was charged by indictment with two counts of Failure to Comply, on separate dates, in violation of R.C. 2921.331(B) and 2921.331(C)(5), felonies of the third degree, one count of Having a Weapon While Under a Disability, in violation of R.C. 2923.13(A)(1), a felony of the third degree, one count of Carrying a Concealed Weapon, in violation of R.C. 2923.12(A)(2), a misdemeanor of the first degree, and one count of Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.

{¶ 3} Thomas pled guilty to one count of Failure to Comply, and to the count of Having a Weapon While Under a Disability; the other charges were dismissed. In a separate case, 14-CR-0400, which is not the subject of this appeal, but which is the subject of another appeal, Thomas pled guilty to one count of Possession of Heroin.

{¶ 4} The trial court ordered a pre-sentence investigation. In a single sentencing hearing, Thomas was sentenced both in this case, 14-CR-0473, and in the other case, 14-CR-0400. In this case, Thomas was sentenced to imprisonment for three years for the weapons offense, and to two years for the Failure to Comply offense. In the other case, Thomas was sentenced to six years for Possession of Heroin. The trial court made the findings required by statute for consecutive sentences, and ordered all three

sentences to be served consecutively, for a total of eleven years in prison.[1]

{¶ 5} In this appeal, Thomas appeals from his conviction and sentence in trial court case no. 14-CR-0473. Thomas's appellate counsel has filed an *Anders* brief, reflecting counsel's inability to find any potential assignments of error having arguable merit. By entry dated June 5, 2015, we afforded Thomas the ability to file his own, pro se brief. He has not done so.

## II. We Find No Potential Assignments of Error Having Arguable Merit

{¶ 6} Appellate counsel has identified two potential assignments of error that he considered, before concluding that they had no arguable merit. The first of these was that the trial court failed to comply with Crim.R. 11 in taking Thomas's plea. Upon review of the plea transcript, we agree that this potential assignment of error has no arguable merit. Although the trial court took the pleas of four defendants, including Thomas, in what appear to have been unelated cases, in one proceeding, the trial court gave individual attention to each defendant, making sure that each defendant understood the nature of the charges against him or her, the possible penalties, and the effects of the plea, including the rights that would thereby be waived. We conclude that no reasonable argument can be made that the plea colloquy was defective.

{¶ 7} The second issue that appellate counsel considered was "[w]hether the trial court's felony sentence was clearly and convincingly contrary to law." The trial court made the findings required by statute for consecutive sentences. In reviewing consecutive-sentence findings, under R.C. 2953.08(G)(2), we must find that those

---

[1] The trial court was required to impose the Failure to Comply sentence consecutively to the weapons sentence, by virtue of R.C. 2921.331(D).

findings are clearly and convincingly not supported by the record before we may reverse. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 30-31 (2d Dist.).

{¶ 8} R.C. 2929.14(C)(4) prescribes the findings generally required [2] for consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime

---

[2] Again, R.C. 2921.331(D) specifically required that the Failure to Comply sentence be imposed consecutively to the sentence for Having a Weapon While Under a Disability.

by the offender.

**{¶ 9}** The trial court made the necessary findings:

The Court finds prison terms require consecutive sentence because it is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that he poses to the public.

The Court also finds the Defendant committed one or more multiple offenses while awaiting trial and was under post-release control for a prior offense. Further, the Defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant.

**{¶ 10}** In its analysis, the trial court made the following specific findings and observations:

In reviewing the facts of this case and applying the factors under 2929.12, in order to meet the sentencing guidelines of the Revised Code, which is to punish the offender and protect the community, the Court has found under 2929.12(B), which was the possession of heroin, significant amount to amount to a felony of the second degree by the very nature of the offense, I find that it was an offense for hire or part of an organized criminal activity. I find no factors that would make the offense set forth in either case less serious.

Under 2929.12(D), the Court finds the Defendant committed the

offenses under Case 14-CR-0473, there was a bond while awaiting trial for the 14-CR-0400 case.

As to both of these cases, the Court finds the Defendant was under post-release control when he committed the offenses. I don't know if there was official termination, a favorable termination of his post-release control when he went back to prison the second time; but he was on post-release control when that offense occurred. He has been previously adjudicated delinquent. He was not rehabilitated to a satisfactory degree after being previously adjudicated delinquent. He has a history of criminal convictions and has not responded favorably to sanctions previously imposed for those convictions.

As far as substance abuse problems, as indicated, the Parole Authority tried to get him into McKinley Hall; but he committed another criminal offense before he could take advantage of that program.

He does self report that he took some substance abuse and anger management programs while incarcerated in the state penitentiary.

As indicated, he has not responded favorably to sanctions previously imposed with the criminal convictions; and having read the Defendant's version of the facts in these cases, I find no genuine remorse for either case. There's no military record to consider. The Defendant did score high on the Ohio Risk Assessment Survey.

The Court makes a note of the very nature of the offense of having a weapon while under a disability would require the Defendant to have a

firearm on or about his person or under his control when committing the offense and, in fact, he had that weapon on or about his person or under his control while committing the offense in 14-CR-0473, which was the failure to comply as well. As indicated, he has served a prior prison term. He's been to prison twice before.

As to Case 14-CR-0400, the term of incarceration in the State penitentiary is mandatory. As to all of these cases, the Court finds that a prison term is necessary in order to comply with the purposes and principles of the sentencing statute under 2929.11.

{¶ 11} We have reviewed the record, including the pre-sentence investigation report, and there is evidence in the record to support the trial court's findings. We agree with Thomas's appellate counsel that no reasonable argument can be made that the trial court erred in imposing sentence in this case. Given the "extremely deferential" standard of review described in *Rodeffer*, no reasonable argument can be made that the record clearly and convincingly does not support the trial court's consecutive-sentence findings

{¶ 12} After independently reviewing the record, as required by *Anders*, we find no potential assignments of error having arguable merit.

### III. Conclusion

{¶ 13} No potential assignments of error with arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Ryan A. Saunders
Joshua M. Kin
Michael Thomas
Hon. Richard J. O'Neill