[Cite as *State v. Dixon*, 2015-Ohio-5487.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 2015-CA-37 and |
| | : | 2015-CA-38 |
| v. | : | |
| | : | Trial Court Case Nos. 2014-CR-762 |
| JASON DIXON | : | and |
| | : | 2015-CR-57 |
| *Defendant-Appellant* | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting
Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103,
Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In these consolidated cases, Defendant-Appellant, Jason Dixon, appeals from his convictions and sentences on two counts of Breaking and Entering and one count of Theft. Following his guilty plea, Dixon was sentenced to maximum and consecutive sentences for these terms, for a total of three and a half years in prison. He was also sentenced to one year for violating post-release control, to be served consecutive to the other sentences. The total sentence, thus, was four and a half years in prison.

{¶ 2} Dixon's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no meritorious issues to pursue on appeal. Counsel raised three potential assignments of error: (1) that Dixon's plea was not made knowingly, intelligently, and voluntarily; (2) that the trial court erred in imposing a sentence that was contrary to law and was not commensurate with the seriousness of the offenses; and (3) that the court erred by imposing consecutive sentences. However, counsel did not find that these issues had merit.

{¶ 3} In an entry filed on September 10, 2015, we informed Dixon that his attorney had filed an *Anders* brief. We granted Dixon 60 days from that date to file a pro se brief, but no pro se brief has been filed.

{¶ 4} "We are charged by *Anders* to determine whether any of these issues are 'wholly frivolous.' " *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 2, quoting *Anders* at 744. "If we find that any of them involve legal points that are arguable on their merits, and therefore are not wholly frivolous, per *Anders* we must

appoint other counsel to argue the appeal." *Id.*

**{¶ 5}** "An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.

**{¶ 6}** We have independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no potentially meritorious issues for review. Accordingly, the judgment of the trial court will be affirmed.

## I. Plea Hearing

**{¶ 7}** Dixon's First Proposed Assignment of Error is that:

Did the Trial Court Err by Accepting Appellant's Plea Which Was Not Made Knowingly, Voluntarily or in an Intelligent Manner?

**{¶ 8}** With respect to this proposed assignment of error, Dixon's appellate counsel outlines plea requirements and suggests that the trial court failed to determine that Dixon made his plea knowingly, intelligently, and voluntarily. Counsel does not point to any specific deficiency, and indicates that he finds no merit to this claim of error.

**{¶ 9}** Pleas are invalid unless they are "knowingly, intelligently, and voluntarily made * * *." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. "To ensure that pleas conform to these high standards, the trial judge must engage the

defendant in a colloquy before accepting his or her plea," and trial courts "are bound by the requirements of Crim.R. 11(C)(2)." *Id.* at ¶ 26-27.

{¶ 10} "Crim.R. 11(C)(2) requires the court to (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 11} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11 in order to avoid committing error. *Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. Where constitutional rights, like the right to a jury trial or the right to compulsory process to obtain witnesses, are involved, trial courts must strictly comply with Crim.R. 11(C)(2). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus. However, substantial compliance is sufficient regarding "the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11(C)(2)(b) * * *." *Id.* at ¶ 14. *Accord State v. Earnest*, 2d Dist. Montgomery No. 26646, 2015-Ohio-3913, ¶ 26.

{¶ 12} " 'Substantial compliance means that under the totality of the circumstances

the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Veney* at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). " 'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.' * * *. To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Id.*, quoting *Nero* at 108.

{¶ 13} We have reviewed the entire record, including the transcript of the plea hearing, and agree with appellate counsel that any claim relating to Dixon's plea has no arguable merit, as the trial court fully complied with the requirements of Crim.R. 11.

## II. Alleged Error in Imposing Sentence

{¶ 14} Dixon's Second Proposed Assignment of Error is that:

Did the Trial Court Err by Imposing a Sentence That Is Contrary to Law and Would a Lesser Sentence Be Commensurate With and Not Demean the Seriousness of the Offense?

{¶ 15} This potential assignment of error contends that the sentence was contrary to law, and asks whether a lesser sentence would be commensurate with and not demean the seriousness of the offenses. Again, Dixon's counsel finds no merit to this assignment of error. Dixon received the maximum sentences for each crime, and the sentences were imposed consecutively.

{¶ 16} When we review felony sentences, we no longer use an abuse-of-discretion standard of review. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Instead, we apply the standard of review set forth in R.C. 2953.08(G)(2), which states

that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929. 20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 17} We have reviewed the entirety of the record, including the transcript of the sentencing hearing, and cannot find any issues of arguable merit. The trial court had discretion to impose prison terms, since Dixon had previously served a prison term and was on post-release control at the time of the crimes. *See* R.C. 2929.13(B)(1)(b)(x) and (xi). The prison terms were also within the periods authorized by statute.

{¶ 18} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. * * * However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 19} After examining the record, we can find no reasonable contention that the court's imposition of maximum sentences offers a basis for reversal. *Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, at ¶ 8. The court complied with the statutory requirements, and was authorized to impose the sentences. Accordingly, we agree with Dixon's counsel that this proposed assignment of error has no merit.

## III. Consecutive Sentences

{¶ 20} The third proposed assignment of error states that:

Did the Trial Court Err by Imposing Consecutive Sentences?

{¶ 21} Again, our review of sentencing decisions is whether we can clearly and convincingly find that the court's findings are unsupported by the record, or that the sentence is contrary to law. *Rodeffer,* 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 29. Appellate counsel has not suggested any specific way in which the trial court erred, and states that he can find no error in this assignment of error.

{¶ 22} The trial court made appropriate findings under R.C. 2929.14(C)(4) for imposing consecutive sentences, and the record supports the findings. As the court noted, Dixon had fifteen prior theft-related convictions and had been in prison seven times. The crimes were also committed while Dixon was on post-release control and occurred only a few months after he had been released from prison. In this regard, the court commented that it had a responsibility to protect the public from future crime by Dixon. It is clear that the possibility of recidivism and commission of future offenses was great.

{¶ 23} Accordingly, we can find no reasonable contention that the court's

imposition of consecutive sentences offers a basis for reversal. *Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, at ¶ 8.


IV. *Anders* Review

**{¶ 24}** We have also performed our duty under *Anders* to conduct an independent review of the record. We have thoroughly reviewed the docket, the various filings, the written transcript of the plea hearing, and the sentencing disposition. We have found no non-frivolous issues for review. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.


FROELICH, P.J., dissenting:

**{¶ 25}** R.C. 2929.141(A)(1) provides that a trial court may:

In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall

terminate the period of post-release control for the earlier felony.

**{¶ 26}** The court here found that the Appellant had served all but two months of his post-release control on the previous felony and sentenced him to an additional year, since it was greater than the time remaining on that post-release control. With this record, it cannot be determined how much time he had spent under post-release control for that previous felony and whether it was appropriately subtracted from the prison term imposed for the violation.

**{¶ 27}** I realize we have precedent regarding calculation of a sentence for a post-release control violation, but the issue is not frivolous, and I would reject the *Anders* brief and appoint counsel.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Michael T. Columbus
Jason Dixon
Hon. Douglas M. Rastatter