[Cite as *State v. Green*, 2014-Ohio-2305.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                    :          C.A. CASE NO.    2012 CA 64

v.                                               :          T.C. NO.    12CR70

CASSIDY GREEN                                    :          (Criminal appeal from
                                                            Common Pleas Court)

     Defendant-Appellant                   :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____30th____ day of ____May____, 2014.

· · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

CYNTHIA L. WESTWOOD, Atty. Reg. No. 0079435, 40 N. Main Street, Suite 2160, Dayton, Ohio 45423
     Attorney for Defendant-Appellant

CASSIDY GREEN, #667981, Ross Correctional Institute, P. O. Box 7010, Chillicothe, Ohio 45601
     Defendant-Appellant

· · · · · · · · · ·

FROELICH, P.J.

     **{¶ 1}**     Cassidy Green appeals from a judgment of the Clark County

Court of Common Pleas, which found him guilty on his guilty pleas of one count of Engaging in a Pattern of Corrupt Activity and two counts of Trafficking in Cocaine, each felonies of the first degree, and of one count of possession of marijuana, a felony of the fifth degree. Green was also found guilty on his no contest plea of an additional charge of trafficking in cocaine, a felony of the first degree. He was sentenced to an aggregate term of fifteen years in prison and a mandatory five-year term of postrelease control. The trial court fined him $30,000 and, by agreement of the parties, Green forfeited various assets to the State. In exchange for his plea, the State dismissed eleven other charges.

{¶ 2} Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no potentially meritorious issues for appeal, but suggesting four possible issues for review. Green was advised of the filing of the *Anders* brief and was granted time in which to file a pro se brief assigning any errors for review; Green did not file such a brief. The case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} In counsel's *Anders* brief, his first two potential issues for review assert that the trial court did not comply with Crim.R. 11 in accepting Green's pleas of guilty and no contest. The record demonstrates, however, that the trial court fully informed Green of his rights: to have the State prove the charges against him at trial beyond a reasonable doubt, to call and confront witness, and to testify on his own behalf, if he chose to do so. The court also inquired as to whether Green was entering his pleas

voluntarily, whether he understood his pleas, whether he was under the influence, and whether any other promises or threats had been made to him. The court explained the maximum sentences and fines, that some of the pleas called for mandatory maximum prison terms, and that, as a result of the mandatory penalties, Green would not be eligible for community control, probation, or judicial release. The record demonstrates that the court did comply with Crim.R. 11. We agree with appellate counsel that there are no potentially meritorious arguments regarding the pleas.

{¶ 4} The third issue identified by appellate counsel relates to sentencing. Green was convicted of two counts of trafficking in cocaine in an amount equal to or greater than 100 grams; these convictions required a mandatory maximum sentence of 11 years, pursuant to R.C. 2925.03(C)(4)(g) and R.C. 2929.14(A)(1). The trial court properly imposed these sentences. The third count of trafficking involved cocaine in an amount equal to or greater than 27 grams, but less than 100 grams; the court properly imposed a four-year sentence for this offense, which was authorized under R.C. 2925.03(C)(4)(f) and R.C. 2929.14(A)(1).

{¶ 5} Green's conviction for engaging in a pattern of corrupt activity was a felony of the first degree pursuant to R.C. 2923.32(B)(1), for which the trial court was authorized to impose a term of up to 11 years; it imposed the maximum sentence. Finally, Green's conviction of possession of marijuana in an amount equal to or greater than 200 grams but less than 1,000 grams constituted a felony of the fifth degree pursuant to R.C. 2925.11(C)(3)(c), for which a 12-month term was the maximum allowable sentence under R.C. 2929.14(A)(5). The trial court imposed a twelve-month

sentence.

{¶ 6} The trial court ordered that Green's two eleven-year sentences for trafficking, his sentence for engaging in a pattern of corrupt activity, and his sentence for possession of marijuana be served concurrently, but consecutively to the other, four-year term for trafficking, for an aggregate term of fifteen years.

{¶ 7} Appellate counsel discusses *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, in considering whether the sentence imposed in this case was appropriate. Pursuant to *Kalish,* a felony sentence is reviewed using a two-step process: the first step involves determining whether the sentence is contrary to law, i.e., whether the trial court complied with all applicable rules and statutes, and the second step involves determining whether the trial court abused its discretion. A panel of this court recently decided *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), which held that *Kalish*'s two-step approach no longer applies to appellate review of felony sentences and adopted the standard of review found in R.C. 2953.08(G)(2). *Rodeffer* at ¶ 29.

{¶ 8} Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, *only if* it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Rodeffer* stated that "[a]lthough *Kalish* no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish*, a sentence is not contrary to

law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted) *Id.* at ¶ 32.

**{¶ 9}** All of Green's sentences were supported by the record, were not contrary to law, and were not an abuse of discretion. The fines imposed by the trial court were authorized by R.C. 2929.18(A)(3)(a) and (e); the forfeitures of property and currency were authorized by R.C. 2981.02. The trial court reasonably concluded that the sentences imposed were necessary to protect the public and to punish Green, based on the seriousness of his offenses and his criminal record. Under *Kalish* or *Rodeffer*, there is no arguably meritorious issue related to Green's sentence.

**{¶ 10}** The fourth potential issue for review presented by counsel relates to the trial court's decision overruling Green's motion to suppress the evidence seized as a result of the search of his residence, for which a warrant had been obtained.

**{¶ 11}** The affidavit in support of the search warrant stated that two reliable, confidential informants had implicated two individuals, Fred Covington and Natasha Gaither, in drug possession and distribution. Covington and Gaither were known to distribute and/or store drugs at the three locations listed on the warrant, and they had prior drug charges. One of the houses associated with Covington and Gaither was owned by Green's father. In January 2012, based on information provided by the confidential informants, the police believed that Covington and Gaither were "getting re-supplied in the near future," so the residences at which they were known to operate were being closely watched by the police.

{¶ 12}     The officers observed extensive comings and goings from two of the houses, including the one owned by Green's father, characterized by short visits and occasions where trash bags were carried into but not out of the houses. They also observed foot and car traffic between two of the houses that were located in close proximity. One of the confidential informants made a controlled buy from Green, whom the police watched departing from one of the residences that was the subject of their investigation.

{¶ 13}     The police obtained warrants to search three addresses associated with their investigation, including the one owned by Green's father. They found suspected drugs, currency, and drug paraphernalia at the Green house.

{¶ 14}     Green's motion to suppress related to evidence seized during the search of his residence and statements he made to the police. While the motion was pending, the State agreed that it would not introduce any statements made by Green to law enforcement "subsequent to his being taken in custody." The State also agreed to limit the evidence that would be used against Green, for reasons that are not pertinent to this appeal. As to the remaining issues raised in the motion to suppress, the trial court found that there had been sufficient evidence to issue the warrant and overruled the motion.

{¶ 15}     We agree with appellate counsel's assessment that the affidavit provided probable cause to issue a search warrant for Green's residence. The affidavit was specific and provided detailed information about why the officers suspected drug activity at Green's house and other addresses. To the extent that the affidavit relied on information provided by confidential informants, it detailed police officers' past dealing

with the informants, through which they had proved to be reliable, and the various ways in which the police had corroborated the information provided by the informants, including controlled buys. The warrant was obtained and executed within one day. The controlled buys and other surveillance strongly suggested that Green's house was repeatedly being used for drug transactions.

{¶ 16} Having conducted an independent review of the record and having examined Green's four potential assignments of error, we find this appeal to be wholly frivolous. There are no potentially meritorious issues for appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to

Lisa M. Fannin
Cynthia L. Westwood
Cassidy Green
Hon. Douglas M. Rastatter