[Cite as *State v. Breneman*, 2014-Ohio-4700.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                           :

     Plaintiff-Appellee                          :            C.A. CASE NO.    2013-CA-57

v.                                                              :            T.C. NO.    2013-CR-163

JAMES D. BRENEMAN                                :              (Criminal appeal from
                                                                          Common Pleas Court)

     Defendant-Appellant                       :

                                                                :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____24th____ day of ____October____, 2014.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JENNIFER E. GELLER, Atty. Reg. #0088855, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorneys for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. #0081882, Adrian King Law Office, LLC, Post Office Box 302, Xenia, Ohio 45385
     Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of James D.

Breneman, filed November 14, 2013. Breneman appeals from the trial court's October 17, 2013 judgment entry of conviction, following Breneman's plea of guilty to one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree; one count of possession of heroin, in violation of R.C. 2925.11(A)(C)(6)(a), a felony of the fifth degree; and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(a), a felony of the fifth degree. The trial court sentenced Breneman to seven years for possession of cocaine, six months for possession of heroin, and twelve months for trafficking in cocaine. The court ordered that the possession offenses be served concurrently to each other and consecutively to the trafficking offense, for an aggregate term of eight years. The court further ordered that Breneman's sentence be served consecutively to a 17 month sentence imposed in Champaign County Case Number 2013 CR 050, for a total term of nine years and five months. We hereby affirm the judgment of the trial court.

{¶ 2} Breneman was initially indicted on June 6, 2013 on an eight count indictment, and he pled not guilty. On August 15, 2013, Breneman filed a motion to suppress, which the court overruled on August 27, 2013, following a hearing. At the September 10, 2013 plea hearing, Breneman withdrew his not guilty pleas, pled guilty as set forth above, and the remaining counts and specifications were dismissed in exchange for his pleas. On September 23, 2013, the State filed a sentencing memorandum. The record reflects that Breneman waived a pre-sentence investigation, but that the court received correspondence from Breneman entitled "Hand Written - PSI Report."

{¶ 3} At sentencing, counsel for Breneman directed the court's attention to the factors set forth in R.C. 2929.12(B), which indicate that "the offender's conduct is more

serious than conduct normally constituting the offense." Counsel argued in part that R.C. 2929.12(B)(2), which provides that the "victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense," did not apply to Breneman. Counsel further asserted that Breneman's conduct was less serious pursuant to R.C. 2929.12(C)(3), which provides that in "committing the offense, the offender did not cause or expect to cause physical harm to any person or property." According to counsel for Breneman, there "was never any threat of harm to anybody" herein.

{¶ 4} The following exchange occurred between the court and counsel for Breneman:

THE COURT: * * * The second thing I wanted to raise, Attorney Mooney, is related to your commentary with regard to the seriousness and non-serious factors. * * *

* * *

THE COURT: Do you agree with the Court that while your argument may suggest that items B-1 through B-9 do not appear, that the court is allowed to consider any other relevant factors that the Court deems?

MR. MOONEY: Yes.

THE COURT: So while you may not have certain listed factors known, you would agree that the Court, if it were to find seriousness factors that are not on the list, would be relevant?

MR. MOONEY: Yes, I believe that the Court can consider as it is stated in the statute. * * *

THE COURT: And, secondly, with regard to less serious factors - - and I'm addressing this now because I want to do it in anticipation of the comments that the Defendant may make or may not make. That with regard to less serious factors, and your indication that the Defendant did not expect to cause physical harm, the Court would take a different view. That any time we have somebody selling drugs to somebody else that they are facilitating somebody's drug addiction. And that drug addiction is physical harm. So the Court doesn't share that perspective.

{¶ 5} Breneman then made a lengthy statement to the court which included the following remarks:

\* \* \* I'm a very good person. I don't go around hurting nobody. And the drugs that I did sell in the past, the comment you had made, I did not intend to hurt anybody. I didn't really intend to hurt anybody, but I was. More than just the user. I was hurting my family. And a user along the lines of their family.

{¶ 6} Breneman's judgment entry of conviction provides in part as follows:

### Seriousness Factors:

### More Serious:

The Court considered all of the following that apply regarding the Defendant, the offense, or the victim, and any other relevant factors, as indicating that the Defendant's conduct is more serious than conduct constituting the offense. *R.C. 2929.12(B)*

· Defendant committed the drug possession and trafficking offenses as part of an organized criminal activity. *R.C. 2921.12(B)(7).*

· Defendant was on bond for a felony drug-related offense.

·Defendant committed separate acts of possessing cocaine for another and selling cocaine to another while on bond for a drug-related offense.

· Defendant has six (6) prior (four (4) felony and two (2) misdemeanor) drug-related offenses over the last ten (10) years.

**<u>Less Serious</u>**

The Court considered all of the following that apply regarding the Defendant, the offense, or the victim, and any other relevant factors, as indicating that the Defendant's conduct is less serious than conduct normally constituting the offense. *R.C. 2929.12(C)*

· None

**<u>Conclusion:</u>**

The Court concludes that the factors establishing Defendant's conduct is more serious outweigh the factors establishing that Defendant's conduct is less serious.

\* \* \*

**{¶ 7}** In his sole assignment of error, Breneman asserts as follows:

"MR. BRENEMAN'S CASE SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE TRIAL COURT IMPROPERLY APPLIED THE SENTENCING FACTORS."

**{¶ 8}** According to Breneman, "the Trial Court in weighing the greater and less than

serious factors of the offense improperly considered drug sales as causing physical harm when applying O.R.C. 2929.12(B)(2)." Breneman further asserts that "the factors were not considered properly. The selling of drugs does not fit the definition of physical harm * * *, but the Trial Court considered the sale of drugs to be physical harm anyway. The act of selling drugs does not cause physical harm. It is the use of drugs that causes the harm." Breneman asserts that the matter should be remanded for resentencing.

{¶ 9} The State responds in part that the court did not abuse its discretion in sentencing Breneman, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 10} This Court recently noted as follows:

* * * Pursuant to *Kalish*, a felony sentence is reviewed using a two-step process: the first step involves determining whether the sentence is contrary to law, i.e., whether the trial court complied with all applicable rules and statutes, and the second step involves determining whether the trial court abused its discretion. A panel of this court recently decided *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), which held that *Kalish's* two-step approach no longer applies to appellate review of felony sentences and adopted the standard of review found in R.C. 2953.08(G)(2). *Rodeffer* at ¶ 29.

Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, *only* if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Rodeffer* stated that "[a]lthough Kalish no longer provides the framework for reviewing

felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted) *Id.* at ¶ 32.

*State v. Green*, 2d Dist. Clark No. 2012 CA 64, 2014-Ohio-2305, ¶ 7-8.

{¶ 11}    We initially note that Breneman mischaracterizes the decision of the trial court. As noted above, R.C. 2929.12(B)(2) sets forth the following factor for the court's consideration regarding whether Breneman's conduct is more serious than conduct normally constituting trafficking in cocaine: "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The court did not  find that R.C. 2929.12(B)(2) applied to Breneman's conduct, and the judgment entry of conviction does not so provide. Rather, the court indicated that it disagreed with defense counsel's assertion that Breneman's conduct was less serious because Breneman, in selling drugs, did not "cause or expect to cause physical harm to any person * * *," pursuant to R.C. 2929.12(C)(3).   "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."   R.C. 2901.01(A)(3).   Breneman himself acknowledged that his conduct in selling drugs was harmful, and it defies logic to conclude that one selling drugs would not expect those drugs to cause some type of physiological impairment in a user.   In other words, as the court determined, the factor set forth in R.C. 2929.12(C)(3) did not lessen the gravity of Breneman's offense. Finally, we note that Breneman's sentence for trafficking in cocaine is within the

statutory range for a felony of the fifth degree.   R.C. 2929.14(A)(5.)

{¶ 12}   For the foregoing reasons, we conclude that the trial court properly considered the sentencing factors set forth in R.C. 2929.12, and that Breneman's sentence is supported by the record, is not contrary to law, and does not demonstrate an abuse of discretion. Accordingly, Breneman's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Kevin S. Talebi
Jennifer E. Geller
Adrian King
Hon. Nick A. Selvaggio