[Cite as *State v. Leet*, 2016-Ohio-138.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26696 |
| | : | |
| v. | : | T.C. NO. 10CR635 |
| | : | |
| GREGORY LEET | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of ____January____, 2016.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Gregory Leet appeals from his resentencing on two counts of murder (purposeful), two counts of felony murder, two counts of felonious assault (deadly weapon), two counts of felonious assault (serious physical harm), and one count of tampering with evidence. Eight of the nine counts had firearm specifications. After

merging some of the counts and the specifications, the trial court imposed consecutive sentences totaling 36 years to life in prison.

{¶ 2} Leet's appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he was unable to find any potential assignments of error having arguable merit. Counsel identified a potential assignment of error related to the trial court's imposition of consecutive sentences. By entry, we informed Leet that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. No pro se brief was filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review.

{¶ 4} We described the facts underlying Leet's convictions in a prior appeal, as follows:

> One night in late February, 2010, Leet, accompanied by Kenneth Bailey and Tylor Blevins, went to Hammerjax, a bar in downtown Dayton. Leet was driving a Chevy Suburban. When the bar closed, Leet approached a man named Abdul Jihad, seeking to buy cocaine. Jihad told Leet he could obtain cocaine for $100 at a nearby apartment building. Leet drove himself, Bailey, Blevins, and Jihad to the apartment building.
>
> Jihad formed the intent to steal Leet's $100. When they arrived at the apartment building, Jihad and Leet entered the building, and went upstairs several stories. Jihad told Leet that Leet would have to wait outside the room while Jihad purchased the cocaine. Leet gave Jihad the

money, which actually totaled about $80. Jihad ostensibly entered the room, but actually, the door he went through was into a stairwell. Jihad went down the stairs and left the building, with Leet's money.

Bailey, who was sitting outside in the Suburban with Blevins, saw Jihad leaving the apartment building. He called Leet on a cell phone. When Leet realized he had been robbed, he became enraged. After walking around looking for Jihad, Leet got into the Suburban and began driving around, somewhat recklessly, looking for Jihad.

At one point, Leet got out of the Suburban and attacked a man on the sidewalk, knocking him down. Local residents then emerged from their apartments, and began yelling at Leet. Leet got into his [S]uburban, but did not leave the area.

Two men, Nathan Gay and Harvey Sims, Jr., approached and asked Leet what was the matter. When Leet explained, they offered to help him find the man who had robbed him, in exchange for $100 each. Leet said he had to go home to get the money, and Gay and Sims got into the Suburban. Bailey and Blevins asked to be taken home, but Leet refused to do so. Leet then drove the five of them to his home, went inside briefly, and returned. Leet then drove to a wooded area a little over a mile and a half away.

Leet got stuck in the snow, and Bailey, Blevins, Gay, and Sims got out of the vehicle and helped Leet get the car out of the snow. After driving across the road, Leet stopped, and he and Bailey got out. According to

Bailey, Leet was still in a rage, and was upset with Bailey for not having helped Leet assault the man downtown. Gay and Sims then got out of the Suburban. According to both Bailey and Blevins, Leet then shot both Gay and Sims with a revolver, and, after pausing to reload, emptied his gun, shooting each man five times.

Leet demanded that Bailey and Blevins assist him in dragging the bodies down to a nearby creek. Blevins was too upset to be able to help. Leet and Bailey dragged the bodies down to the creek, where they were discovered a few hours later.

According to Bailey, Leet retrieved a toboggan hat and a wallet from one of the bodies. Leet and Bailey then got back in the Suburban with Blevins, and drove away. Leet had put the expended shells from the revolver on the front bench seat of his Suburban. He put them and the wallet in the toboggan hat. While they were driving away, Leet threw the toboggan hat, with the shells and the wallet inside, outside the Suburban. They were not recovered.

*State v. Leet*, 2d Dist. Montgomery No. 25966, 2015-Ohio-1668, ¶ 3-10 (*Leet II*).

{¶ 5} Leet was charged with the murders and felonious assaults of Gay and Sims, with firearm specifications, and with tampering with evidence and aggravated robbery. After a jury trial, Leet was acquitted of aggravated robbery, but convicted of all other charges and specifications.

{¶ 6} Leet appealed his convictions. We reversed, holding that the trial court had erred in overruling a motion to suppress statements Leet had made to police. *State v.*

*Leet*, 2d Dist. Montgomery No. 24692, 2012-Ohio-6186 (*Leet I*).

{¶ 7} In October 2013, Leet was retried before a jury and again convicted of the murders, felonious assaults, tampering with evidence, and firearm specifications. At sentencing, the trial court merged the murder and felonious assault convictions pertaining to each victim into one purposeful murder conviction for each victim (Counts One and Two). The trial court also merged all the firearm specifications into one firearm specification. The court sentenced Leet to 15 years to life in prison for each murder, to 3 years for the firearm specification, and to 3 years for tampering with evidence, to be served consecutively, for an aggregate sentence of 36 years to life.[1]

{¶ 8} Leet again appealed from his convictions, and his appellate counsel filed an *Anders* brief. We rejected the *Anders* brief, concluding that there was at least one potential assignment of error having arguable merit, i.e., that the trial court had erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4). We appointed new counsel who, in his sole assignment of error, challenged the imposition of consecutive sentences due to the lack of statutory findings. The State conceded error. We reversed Leet's sentence and remanded for reconsideration of whether the prison terms should be imposed consecutively. *Leet II*, 2d Dist. Montgomery No. 25966, 2015-Ohio-1668.

{¶ 9} On May 13, 2015, the trial court held a new sentencing hearing, during which it made findings under R.C. 2929.14(C)(4) and re-imposed the aggregate 36-year to life sentence. The trial court filed a written judgment entry on May 19, 2015, which imposed

---

[1] The trial court also ordered restitution to two individuals and court costs. This aspect of Leet's sentence is not pertinent to this appeal.

the consecutive sentences indicated at the sentencing hearing. The trial court's statutory findings were not included in the judgment entry.

{¶ 10} Leet appeals from the trial court's judgment following resentencing. His appellate counsel has filed an *Anders* brief, representing that no potentially meritorious claims exist regarding Leet's resentencing. We agree.

{¶ 11} After determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds [3] any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In imposing consecutive sentences, the trial court must make the statutory findings and incorporate them into its sentencing entry, but the trial court is not required to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 13} In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.), we held that we generally would no longer use an abuse of discretion standard in reviewing a felony sentence, but would apply the standard of review set forth in R.C. 2953.08(G)(2). "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *Bonnell* at ¶ 28.

{¶ 14} At the May 13, 2015 sentencing hearing, Leet indicated that he had believed that he was supposed to receive concurrent sentences on resentencing. The trial court responded that it was required to consider whether the 36-year to life sentence fit under the statutory framework and, if so, to make the necessary statutory findings. The trial court informed Leet that it had reviewed the presentence investigation report, that it had presided over the trial and remembered the case, and that, having "re-reviewed everything," it intended to make the statutory findings and re-impose the same 36-year

sentence.

{¶ 15} Leet asked the trial court if it was true that he could not be "charged that way" unless he was violent throughout his lifetime. The court responded that it had to "make a number of findings and one of the last ones I have to find is either Defendant's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public and although you have a number of misdemeanors and one felony, you don't really fit in that one." The court indicated that he "fit into" the finding that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses were so great and unusual that no single prison term can adequately reflect [the] seriousness of the defendant's conduct. The court continued: "Basically, you executed two people because you were mad at someone else who ripped you off $100 in a drug deal. So, I believe you, clearly, fit under that and that is the finding that I would make * * *."

{¶ 16} The trial court then re-imposed the same sentence of 36 years to life in prison. With respect to consecutive sentencing, the trial court found that (1) consecutive service was necessary to protect the public from future crime, and that a consecutive sentence was necessary to punish Leet, (2) consecutive sentences were not disproportionate to the seriousness of Leet's conduct and to the danger that he poses to the public, and (3) at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses was so great and unusual that no single prison term could adequately reflect the seriousness of his conduct. The court again noted to Leet that he was "trying to buy drugs from someone, someone ripped you off and based on that you shot two other

people, had two other people helping you with something and you took them out to the woods and executed them."

{¶ 17} Upon review of the record, particularly the factual circumstances underlying the charges of which Leet was convicted, we find no arguably meritorious claim that the trial court erred in imposing consecutive sentences. The trial court made the necessary findings under R.C. 2929.14(C)(4), and those findings are supported by the record. Accordingly, we agree with appellate counsel that this appeal is frivolous.

{¶ 18} The trial court's May 19, 2015 judgment entry does not include the statutory findings in support of the consecutive sentences. "A trial court's inadvertent failure to incorporate the statutory findings [for consecutive sentences] in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶ 30. Accordingly, the failure to incorporate the findings, made at the sentencing hearing, into the sentencing entry, is not a basis for reversal of the judgment. *State v. Snowden*, 2d Dist. Montgomery No. 26329, 2015-Ohio-1049, ¶ 13, ¶ 18.

{¶ 19} The trial court's judgment will be affirmed. However, the matter will be remanded to the trial court for the issuance of a nunc pro tunc entry correcting the clerical error in the May 19, 2015 judgment entry.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Lucas W. Wilder

Gregory Leet
Hon. Barbara P. Gorman