[Cite as *State v. Kennedy*, 2016-Ohio-7324.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-133 |
| | : | |
| DALE A. KENNEDY, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2016.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
 Attorney for Plaintiff-Appellee

GREGORY K. LIND, Atty. Reg. No. 0055227, 1 South Limestone Street, Ground Floor-Suite D, Springfield, Ohio 45502
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Dale Kennedy, Jr., appeals from his conviction and sentence on one count of Domestic Violence and one count of Endangering Children. After pleading guilty to the charges, Kennedy was sentenced to 15 months in prison on each charge, with the terms to run consecutively for a total of 30 months in prison.

{¶ 2} Kennedy's appellate counsel has filed a brief based on *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has failed to find any potential assignments of error having arguable merit. Accordingly, Kennedy's counsel has asked permission to withdraw. In an order dated June 27, 2016, we informed Kennedy that his attorney had filed an *Anders* brief. We also advised Kennedy that he had the right to file his own brief assigning errors for review and of the time limit for doing so. Kennedy did not file a pro se brief in response. In addition, we filed an order requiring that the pre-sentence investigation ("PSI") report be made part of the record, and it has been filed. This matter, therefore, is ready for resolution.

{¶ 3} We have conducted an independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court's judgment will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} On August 6, 2015, an indictment was filed charging Kennedy with two counts of Domestic Violence and two counts of Endangering Children. The Domestic

Violence charges were elevated to third-degree felonies based on Kennedy's prior convictions for Domestic Violence. The counts for Endangering Children were likewise elevated to fourth-degree felonies due to a prior conviction for that offense.

{¶ 5} The alleged crimes arose from events that occurred on two separate days, July 8, 2015, and July 26, 2015, after which Kennedy was charged with having caused or attempted to cause bodily harm to a minor child, C.H., who was a family or household member. Kennedy had been arrested on July 26, 2015, and had posted bond. On August 19, 2015, the trial court released Kennedy on his own recognizance, with certain conditions. The bond previously filed in the municipal court was transferred, and Kennedy was required, among other things, to be a law-abiding citizen. He was also prohibited from any contact with minors, C.H., L.H., and M.B.

{¶ 6} Subsequently, the State filed a motion to revoke Kennedy's bond, because Kennedy had been arrested on October 24, 2015, on a Domestic Violence Charge involving another minor, H.H., whom Kennedy had allegedly struck on the side of the face. A court statement from the arresting officer was attached to the motion.

{¶ 7} After a hearing held on November 5, 2015, the court continued Kennedy's bond, with additional conditions, including that Kennedy must remain on electronic monitoring, could not consume alcohol or reside in a home where alcohol was on the premises, and could not maintain any contact with the prior victims as well as H.H. and Kara Kennedy, who was Kennedy's wife.

{¶ 8} On November 5, 2015, Kennedy entered a plea of guilty to Amended Count One (Domestic Violence on July 8, 2015, a fourth-degree felony), and Count Four (Endangering Children on July 26, 2015, a fourth-degree felony). The trial court

conducted a detailed plea hearing, during which Kennedy was fully advised of all rights.

{¶ 9} At the plea hearing, the State agreed to stay silent at sentencing based on the following conditions: (1) the PSI report indicated no further criminal history other than what was already known and disclosed; (2) Kennedy committed no further additional criminal offenses while on bond, and (3) Kennedy refrained from violating any bond conditions prior to sentencing. As part of the plea agreement, the State also agreed not to pursue felony charges against Kennedy for the incident occurring on October 24, 2015, which was the basis for Case No. 2015 CRA 00829. During the plea hearing, the court specifically discussed bond conditions with Kennedy, and stressed that while Kennedy was permitted to go directly to his attorney's office and to medical appointments, he could not stop anywhere else on the way to or from these appointments. Transcript of November 5, 2015 Plea Hearing, p. 35.

{¶ 10} After accepting the plea, the court found Kennedy guilty of both counts, ordered a PSI, and set a sentencing hearing for December 21, 2015. Subsequently, on December 7, 2015, the court filed a journal entry finding bond violations based on a hearing held on December 1, 2015. In contravention of the court's bond order, Kennedy had stopped at a restaurant and department store while traveling to and from a court hearing on November 16, 2015, and had traveled to a residence in Quincy, Ohio, while traveling home from Wilson Memorial Hospital for tests on November 18, 2015. The court's entry also noted a further allegation of a bond violation that had occurred on November 23, 2015, but the court indicated it would not hold a special hearing on the alleged violation. The entry noted that due to the bond violations, the State was released from its sentencing obligation.

{¶ 11} At the sentencing hearing on December 21, 2015, the State recommended imprisonment, due to Kennedy's significant criminal history, concerns for the safety of the children, Kennedy's history of substance abuse, and Kennedy's inability to comply with bond conditions.

{¶ 12} At the hearing, the court indicated that it had reviewed the PSI report. The court also extensively discussed the principles and purposes of sentencing under R.C. 2929.11, and made findings under R.C. 2929.12(B),(C), (D), (E), and (F), R.C. 2929.13, and R.C. 2929.14(C)(4). The court also mentioned that Kennedy had 27 prior convictions, including five OVI convictions, three prior Domestic Violence convictions, and five Disorderly Conduct convictions. In addition, the court observed that approximately 13 to 15 of the convictions were alcohol-related offenses, and that the other component appeared to be Kennedy's anger issue.

{¶ 13} Kennedy was 37 years old at the time of the current offenses. We have reviewed the PSI report, and it indicates that Kennedy had 27 prior adult convictions from 1996 (when he was 19) through 2011, when he was sentenced to four years in prison for an OVI offense. He had also previously been sentenced to a prison term in 1999. His overall risk assessment, according to the PSI report, was moderate, and incarceration was recommended.

{¶ 14} After weighing the above factors and evidence, the trial court imposed 15 months for each conviction, and imposed the terms consecutively. Kennedy filed a timely appeal from his convictions and sentence, and, as noted, his attorney has filed an *Anders* brief.

Potential Assignments of Error

**{¶ 15}** In his brief, Kennedy's appellate counsel raised the following potential assignment of error:

The Trial Court's Record Does Not Support the Findings for Consecutive Sentences.

**{¶ 16}** After discussing this potential assignment of error, Kennedy's counsel conceded that the trial court made the required statutory findings for imposition of consecutive sentences, and that there was no error in this regard.

**{¶ 17}** The standard of appellate review of felony sentences is whether a sentence is clearly and convincingly not supported by the record. *State v. Marcum*, Ohio Sup.Ct. Slip Opinion No. 2016-Ohio-1002, ¶ 7. After applying this standard, we conclude that no reasonable argument can be made that the record in this case clearly and convincingly does not support the sentence imposed. As a result, we agree with appellate counsel that a potential assignment of error concerning the trial court's imposition of consecutive sentences has no arguable merit.

**{¶ 18}** After deciding the sentence for particular crimes, the sentencing judge has discretion to order that the sentences be served consecutively. *State v. Leet*, 2d Dist. Montgomery No. 26696, 2016-Ohio-138, ¶ 11. Regarding consecutive sentences, R.C. 2929.14(C)(4) provides that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 19}** Trial courts must make these statutory findings and incorporate them into sentencing entries, but courts need not give reasons to support their findings. *Leet* at ¶ 12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. At the sentencing hearing, the trial court made the required findings, concluding that consecutive sentences were necessary to protect the public and to punish Kennedy, and that they were not disproportionate to the seriousness of his conduct and the danger he posed to the public. R.C. 2929.14(C)(4). The court made an additional finding under R.C. 2929.14(C)(4)(c), i.e., that Kennedy's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by

Kennedy.   Transcript of December 21, 2015 Sentencing Hearing, p. 21.

**{¶ 20}** As was required, the court incorporated these findings into the sentencing entry.   December 21, 2015 Journal Entry of Judgment, Conviction and Sentence, Doc. #37, p. 8.   The record supports the trial court's findings.   Specifically, Kennedy had an extensive criminal history and had not responded favorably to prior sanctions.   His most recent prison sentence of four years involved alcohol as did the current crimes, and while Kennedy admitted he had an alcohol problem that caused things to get out of hand when he tried to discipline his child, Kennedy made no meaningful attempt to get help for his problem after being released from incarceration in 2014.   Transcript of December 21, 2015 Sentencing Hearing, pp. 10, 13, and 20.   Kennedy also was arrested for another Domestic Violence crime while on bond, and violated his bond conditions in other ways that indicated he was not likely to follow court orders.   *Id.* at pp. 11-12.

**{¶ 21}** As a result, we can find no arguably meritorious claim that the trial court erred in imposing consecutive sentencings.   In compliance with our responsibility under *Anders*, we have independently reviewed the record, including the PSI report, and find no non-frivolous issues for appellate review.

**{¶ 22}** Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Gregory K. Lind
Dale A. Kennedy, Jr.
Hon. Nick A. Selvaggio