[Cite as *State v. Poling*, 2018-Ohio-4630.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27882 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-2157 |
| | : | |
| DANIEL P. POLING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Daniel P. Poling, appeals from his conviction for unlawful sexual conduct with a minor, a third degree felony pursuant to R.C. 2907.04(A) and (B)(3). Raising one assignment of error, Poling contends that the trial court erred by sentencing him to serve five years in prison, the maximum term of imprisonment permitted by R.C. 2929.14(A)(3)(a). We find that Poling has not established by citation to clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law. Therefore, Poling's conviction is affirmed.

### I. Facts and Procedural History

{¶ 2} On July 20, 2016, a Montgomery County grand jury issued an indictment against Poling, charging him as follows: Count 1, rape—a violation of R.C. 2907.02(A)(2); Count 2, kidnapping—a violation of R.C. 2905.01(A)(4); and Count 3, unlawful sexual conduct with a minor—a violation of R.C. 2907.04(A). Poling appeared before the trial court on December 13, 2017, and pleaded guilty to Count 3 as part of a plea agreement with the State. In exchange for Poling's plea, the State dismissed Counts 1 and 2.

{¶ 3} At his sentencing hearing on January 16, 2018, the trial court sentenced Poling to a term of imprisonment of five years, the maximum sentence the court could impose "[f]or a felony of the third degree that is a violation of [R.C.] 2907.04." R.C. 2929.14(A)(3)(a). The court further found Poling to be a Tier II sex offender, advised him of the associated registration requirements, and informed him that he would be subject to five years of postrelease control. Poling timely filed his notice of appeal on January 31, 2018.

### II. Analysis

**{¶ 4}** For his assignment of error, Poling contends that:

THE TRIEAL [SIC] COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE ALLOWABLE BY LAW[.]

**{¶ 5}** Poling argues that the record in this case does not support the sentence he received because "the trial court did not properly weigh the factors set forth in [R.C. 2929.11 and 2929.12]." Appellant's Br. 4 and 6. As well, he argues that the court "did not give * * * due weight to the genuine remorse [he expressed] at the time of sentencing." *Id.*

**{¶ 6}** A "trial court has full discretion to impose any sentence within the authorized statutory range, and [it] is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. On review of a felony sentence, an appellate court may vacate or modify the sentence "only if it determines by clear and convincing evidence" that the record of the case does not warrant the sentence, pursuant to the relevant statutes, or that the sentence is otherwise contrary to law.[1] *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08(G)(2). A sentence "is not contrary to law [if it falls] within the statutory range

---

[1] Clear and convincing evidence is a "degree of proof [greater] than a mere 'preponderance of the evidence'" that produces in the mind of the trier of fact "a firm belief or conviction as to the facts sought to be established"; evidence that satisfies this standard need not satisfy the higher standard of "'beyond a reasonable doubt,'" which applies in criminal trials. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 22.

[and the trial court] expressly state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.).

{¶ 7} Under R.C. 2929.11(A), a "court that sentences an offender for a felony shall be guided" by the "overriding purposes" of punishing the offender and "protect[ing] the public from future crime by the offender and others," while "using the minimum sanctions that [it] determines [likely to] accomplish [these] purposes without imposing an unnecessary burden on state or local government resources." Accordingly, the "court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* R.C. 2929.11(B) adds that a felony sentence "shall be reasonably calculated to achieve the two overriding purposes of felony sentencing[,] * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon [any] victim[s], and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 8} Pursuant to R.C. 2929.12(A), in "exercising [its] discretion" to determine "the most effective way to comply with the purposes and principles of sentencing set forth in [R.C.] 2929.11," a court must consider, among other things, a list of nine factors "indicating that [an] offender's conduct [was] more serious than conduct normally constituting" the offense for which the offender was convicted; a list of four factors "indicating that the offender's conduct [was] less serious than conduct normally constituting the offense"; a list of five factors "indicating that the offender is likely to commit future crimes"; and a list of five factors "indicating that the offender is not likely to commit

future crimes." *See also* R.C. 2929.12(B)-(E). The court "may [further] consider any other factors that are relevant to achieving [the] purposes and principles of [felony] sentencing." R.C. 2929.12(A).

{¶ 9} Here, when Poling appeared for sentencing, the trial court began by informing the parties that it had "considered the purposes and principles of sentencing in [R.C.] 2929.11 and the seriousness and recidivism factors in [R.C.] 2929.12," along with the parties' respective sentencing memoranda; the presentence investigation report; five letters submitted on Poling's behalf by personal acquaintances and a sexual offender treatment specialist; three letters submitted on the victim's behalf by his mother, his maternal grandmother, and a detective with the Miamisburg Police Department; the presentence investigation report prepared in connection with a similar offense for which Poling was convicted nearly 30 years ago; and two letters submitted by relatives of the victim of the previous offense. Transcript of Proceedings 28:10-29:22, Jan. 16, 2018. Poling's defense counsel afterward read two letters into the record that were written by Poling himself—an apology addressed to his victim, and another apology addressed to the court. *Id.* at 30:3-36:17.

{¶ 10} The court then recited the facts of the case, including a description of the offenses charged in the indictment, and referred to the remarks Poling made in his letters of apology. *Id.* at 36:18-38:15. Turning to the written statement that Poling had submitted to the presentence investigator, the court observed that "in contrast to" his letters of apology, Poling appeared to avoid "taking full responsibility [for] what he did" and "seem[ed] to, at least in that statement, shift some of the responsibility, some blame, to the victim[,] who [was] a 15-year-old boy with Asperger's syndrome." *Id.* at 38:16-

38:20 and 39:25-40:4. In addition, the court noted that Poling had "lied to the police and * * * attempted to destroy evidence"; that Poling's actions had had an especially adverse impact on the victim; and that Poling had committed a similar offense in the past, for which he was provided with sex offender treatment. *Id.* at 40:7-42:22. Finding "a high likelihood" that Poling would continue to commit such offenses, the court determined that the appropriate sentence would be "60 months [imprisonment in] the Corrections Reception Center without judicial release." *Id.* at 42:23-43:4.

{¶ 11} The sentence imposed by the trial court is within the range authorized by R.C. 2929.14(A)(3)(a), and the court "expressly state[ed] that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, at ¶ 32. Although the court deemed Poling's expression of remorse to be insincere, the court explained that it based its assessment on the statement Poling submitted to the presentence investigator, in which he appeared to disclaim responsibility for his actions, and on the fact that Poling had lied to police and attempted to destroy evidence. Given the record before us, we cannot conclude that Poling's sentence was either unsupported by the record or contrary to law. Poling's assignment of error is overruled.

### III. Conclusion

{¶ 12} Poling has not met his burden to show, by clear and convincing evidence, that the sentence imposed by the trial court was unsupported by the record or otherwise contrary to law. Therefore, Poling's conviction is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Jay A. Adams
Hon. Dennis J. Langer