[Cite as *State v. Ervin*, 2019-Ohio-1020.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

STATE OF OHIO                                    :
                                                 :
        Plaintiff-Appellee                       :    Appellate Case No. 2018-CA-17
                                                 :
v.                                               :    Trial Court Case No. 2018-CR-71
                                                 :
CAMILLE YVETTE ERVIN                             :    (Criminal Appeal from
                                                 :    Common Pleas Court)
        Defendant-Appellant                      :
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of March, 2019.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 West Monument Avenue, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This filing triggered our independent review to determine whether non-frivolous appellate issues are present. This review has not revealed any non-frivolous issues. Accordingly, the trial court's judgment will be affirmed.

**Facts and Procedural History**

{¶ 2} Appellant, Camille Ervin, was indicted on the following counts: (1) Petty Theft in violation of R.C. 2913.02, a first degree misdemeanor; (2) Attempted Tampering With Evidence in violation of R.C. 2923.02 and R.C. 2921.12, a fourth degree felony; (3) Falsification in violation of R.C. 2921.13, a first degree misdemeanor; (4) Escape in violation of R.C. 2921.34, a fifth degree felony; (5) Possession of Cocaine in violation of R.C. 2925.11, a fifth degree felony; (6) Possession of Drug Paraphernalia in violation of R.C. 2925.14, a fourth degree misdemeanor; and (7) Petty Theft in violation of R.C. 2913.02, a first degree misdemeanor. Counts 1-6 involved an incident which occurred on March 13, 2018. Count 7 involved a separate incident which occurred in December 2017.

{¶ 3} Ervin, following consultation with counsel and negotiations, pleaded guilty to Count 4 (Escape), Count 5 (Possession of Cocaine), and Count 7 (Petty Theft). The remaining counts were dismissed, the State recommended the preparation of a pre-sentence investigation (PSI), and the State agreed to recommend that Ervin, assuming

the PSI did not reveal a further criminal history, be sentenced to a term of community control sanctions (CCS). A PSI was ordered and a sentencing hearing was scheduled.

{¶ 4} The trial court sentenced Ervin to ten months in prison on the Escape count, ten months in prison on the Possession of Cocaine count, and six months incarceration on the Petty Theft count. The court ordered that the Escape and Possession of Cocaine sentences be served consecutively but that the Petty Theft sentence be served concurrently. This appeal follows, with Ervin having been appointed appellate counsel.

{¶ 5} Counsel filed an *Anders* brief stating that he could find no non-frivolous issues for appellate review. He further requested leave to withdraw as Ervin's counsel. Ervin was informed of the *Anders* filing. She was further informed that she had a right to file a pro se brief within 60 days of the *Anders* notice. Ervin has not filed a brief.

### *Anders* Standard

{¶ 6} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). A potential issue is not frivolous merely because the State has a strong argument in response. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one for which, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Mayberry*, 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 5. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant-appellant.

### *Anders* Review

{¶ 7} Counsel, consistent with his duties under *Anders*, suggests as possible assignments of error that the trial court did not adequately comply with Crim.R. 11 when taking Ervin's guilty plea, and that there is clear and convincing evidence that Ervin's sentence is not supported by the record. Counsel, however, concluded that any argument concerning either issue would be wholly frivolous. We, based upon our independent review, agree.

{¶ 8} We have carefully reviewed the transcript of the plea hearing. This review has failed to reveal any potentially meritorious appellate argument regarding the trial court's compliance with Crim.R. 11. The trial court, consistent with Crim.R. 11(C)(2)(a), determined that Ervin was entering the plea voluntarily and that she understood the nature of the charges and the involved maximum penalties. The trial court, as required by Crim.R. 11(C)(3)(b), informed Ervin that she was eligible to be sentenced to a term of CCS, but that the court, despite the felony offenses being of the fifth degree variety, could impose a prison term because the offenses were committed while she was on bond in another case. The trial court additionally informed Ervin, again under Crim.R. 11(C)(2)(b), that any prison term could include consecutive sentences, and that any prison term could be followed by three years of post-release control. The court also informed Ervin that it could proceed to sentencing and judgment immediately, but that sentencing would be deferred to allow the completion and consideration of a PSI. The trial court, in strict compliance with Crim.R. 11(C)(2)(c), informed Ervin of the constitutional rights she was relinquishing by entering a guilty plea. Ervin indicated that

she understood each discussed constitutional right, and that by entering a guilty plea this right was being waived. In short, our review reveals that the trial court fully complied with Crim.R. 11, and there is nothing in the record to suggest that Ervin did not understand the plea or that her guilty plea was anything but knowing.

{¶ 9} We also agree with counsel that any argument regarding Ervin's sentence is without arguable merit. With respect to the ten-month prison terms for each fifth degree felony, the trial court had "full discretion" to impose any sentence that was within the statutory range, and the court had no obligation to explain the sentence. *State v. Poling*, 2d Dist. Montgomery No. 27882, 2018-Ohio-4630, ¶ 6, quoting *State v. King*, 2013-Ohio-2021, 993 N.E.2d 491, ¶ 45 (2d Dist.). An appellate court may vacate or modify a felony sentence only if it determines by clear and convincing evidence that the sentence, under the relevant statutory provisions, is not supported by the record, or that the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *see also* R.C. 2953.08. A "sentence is not contrary to law [if it falls] within the statutory range [and the trial court expressly] state[s] that it * * * considered the purposes and principles of sentencing [under] R.C. 2929.11 [and] R.C. 2929.12." (Citation omitted.) *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.). Ervin's ten-month sentences are within the allowed statutory range (6-12 months) for a fifth degree felony, and the trial court engaged in a discussion concerning its conclusions under R.C. 2929.11 and R.C. 2929.12. There is, given this, no potentially meritorious appellate argument that it could be found by clear and convincing evidence that the ten-month prison terms are not supported by the record or are contrary to law.

{¶ 10} The final sentencing issue involves the trial court's imposition of a

consecutive sentence. A trial court may impose a consecutive sentence if it makes the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporates these findings into the sentencing entry. A trial court, however, has no obligation to articulate its reasons for imposing consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 17. An appellate court's review of a consecutive sentence is conducted under the very deferential standard already discussed. The trial court made the R.C. 2929.14(C)(4)(a) findings and they were incorporated into the sentencing entry. Ervin committed the offenses at issue while on bond in another case. Further, her criminal history was lengthy and included seven previous theft convictions and a previous falsification conviction. Given these circumstances, any argument that an appellate court could clearly and convincingly find that the consecutive sentencing findings were not supported by the record would be wholly frivolous.

{¶ 11} In addition, we have reviewed the entire record, including the PSI and the plea and sentencing entries. This review has not revealed any potentially meritorious appellate issues.

## Conclusion

{¶ 12} We have found no non-frivolous issues for appellate review. Counsel's motion to withdraw is granted, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Kevin Talebi
Sean Brinkman
Camille Yvette Ervin
Hon. Nick A. Selvaggio